**Marquis Aurbach**
Nick D. Crosby, Esq.
Nevada Bar No. 8996
Jackie V. Nichols, Esq.
Nevada Bar No. 14246
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
ncrosby@maclaw.com
jnichols@maclaw.com
   Attorneys for Defendant City of North Las Vegas

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| GATHER COHEN,<br><br>                              Plaintiff,<br><br>         vs.<br><br>CITY OF NORTH LAS VEGAS, a<br>Municipal Corporation and political<br>subdivision of the State of Nevada; DOES I-<br>X,<br><br>                              Defendants. | Case Number:<br><br><br><br>**DEFENDANT CITY OF NORTH LAS<br>VEGAS' NOTICE OF REMOVAL** |

TO:  THE UNITED STATES DISTRICT COURT, DISTRICT OF NEVADA

Defendant City of North Las Vegas ("Defendant"), by and through their attorneys of record, Nick D. Crosby, Esq. and Jackie V. Nichols, Esq. of Marquis Aurbach, hereby gives notice of removal of the above-captioned action from the Eighth Judicial District Court of Clark County, Nevada, to the United States District Court for the District of Nevada.  Removal of this action is authorized under 28 U.S.C. §§ 1331, 1441, and 1446.  The specific grounds for removal are as follows:

1.      Plaintiff Gather Cohen commenced this action against Defendant on July 24, 2022 (Complaint) based upon the alleged hostile work environment, harassment, and failure to accommodate under the ADA (42 U.S.C. § 12112) and Nevada law.  The Complaint was filed in the Eighth Judicial District Court of the County of Clark, State of Nevada.  A true and correct copy of the Complaint are attached hereto as **Exhibit A.**

MAC:10464-040 EX A 8/31/2022 9:23 AM

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

2.      City of North Las Vegas, is the defendant in the above-referenced action commenced the Eighth Judicial District Court of the County of Clark, State of Nevada, Case No. A-22-855845-C, and is now pending in that court.

3.      Service of the Summons and Complaint was made on City of North Las Vegas on August 3, 2022.  A copy of the Summons and/or Affidavit of Service for the Defendant is attached hereto as **Exhibit B.**

4.      No further proceedings have been had in this matter in the Eighth Judicial District Court.

5.      The Complaint alleges that Defendant created a hostile work environment, harassed, and failed to accommodate Plaintiff in violation of the ADA and Nevada law.

6.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, in that it is an action arising under 42 U.S.C. §§ 12112.  Pursuant to 28 U.S.C. §1441, Defendant is therefore entitled to remove this action to this Court.

7.      Thirty days have not elapsed since the first Defendant, City of North Las Vegas was served with the Complaint in this action.  Copies of the Summons and Complaint are attached hereto as **Exhibits A and B,** constituting all the papers and pleadings in the state court proceeding.

8.      As of this date, no other defendants have been served or entered an appearance in this matter.

9.      A true and correct copy of this Notice of Removal is being filed this date with the Clerk of the Eighth Judicial District Court of Nevada.

. . .

. . .

. . .

. . .

. . .

. . .

. . .

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

Page 2 of 4

MAC:10464-040 EX A 8/31/2022 9:23 AM

10.     Based on the foregoing, Defendant removes the above action now pending Eighth Judicial District Court of the County of Clark, State of Nevada, as Case No. A-22-855845-C, to this court.

Dated this <u>31st</u> day of August, 2022.

MARQUIS AURBACH


By: <u>/s/ Jackie V. Nichols</u>
      Nick D. Crosby, Esq.
      Nevada Bar No. 8996
      Jackie V. Nichols, Esq.
      Nevada Bar No. 14246
      10001 Park Run Drive
      Las Vegas, Nevada 89145
      Attorneys for Defendant City of North Las Vegas

MAC:10464-040 EX A 8/31/2022 9:23 AM

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **DEFENDANT CITY OF NORTH LAS VEGAS' NOTICE OF REMOVAL** with the Clerk of the Court for the United States District Court by using the court's CM/ECF system on the 31st day of August, 2022.

☒        I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

☒        I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

James P. Kemp, Esq.
Kemp & Kemp, Attorneys at Law
7435 W. Azure Drive, Suite 110
Las Vegas, Nevada 89130
Attorney for Plaintiff Gather Cohen


/s/ Krista Busch
An employee of Marquis Aurbach

**MARQUIS AURBACH**
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:10464-040 EX A 8/31/2022 9:23 AM

# EXHIBIT A

Electronically Filed
7/24/2022 12:22 PM
Steven D. Grierson
CLERK OF THE COURT

1  JAMES P. KEMP, ESQUIRE
   Nevada Bar No. 006375
2  KEMP & KEMP, ATTORNEYS AT LAW
3  7435 W. Azure Drive, Suite 110,
   Las Vegas, NV  89130
4  (702) 258-1183/(702) 258-6983 (fax)
   jp@kemp-attorneys.com
5  Attorney for Plaintiff Gather Cohen

CASE NO: A-22-855845-C
Department 29

6               DISTRICT COURT
7              CLARK COUNTY NEVADA
                    * * *
8

9  GATHER COHEN,                      )
                                      )
10                      Plaintiff,    )   Case No.:
                                      )
11 vs.                                )   Dept. No.:
                                      )
12 CITY OF NORTH LAS VEGAS,  a Municipal )
   Corporation and political subdivision of the )
13 State of Nevada; DOES I-X,         )
                                      )   **COMPLAINT**
14                      Defendants.   )
                                      )   JURY TRIAL DEMANDED
15                                    )
                                      )   **Arbitration Exemption Claimed: Action**
16                                    )   **seeking equitable or extraordinary relief**

17      COMES NOW THE PLAINTIFF, by and through his counsel, JAMES P. KEMP, ESQ., of

18 KEMP & KEMP, ATTORNEYS AT LAW, and states and alleges causes of action against the

19 Defendant(s) as follows:

20 **I.    JURISDICTION AND VENUE**

21      The Court has jurisdiction over this case in that it arises out of events that took place in Clark

22 County, Nevada and venue is proper in this court because one or more of the Defendants reside in

23 Clark County, Nevada.   The Plaintiff's claims herein seek damages in excess of the minimum

24 jurisdictional limit for actions in the District Court.

25

26

27

28

1

II.   **CLAIMS FOR RELIEF**

**ALLEGATIONS COMMON TO ALL CLAIMS**

1. This is a civil action for damages under state and federal statutes prohibiting discrimination and to redress deprivation of rights under these laws.

2. Plaintiff's statutory claims arise under the Americans with Disabilities Act of 1990, as amended by the 2008 Americans with Disabilities Act Amendments Act (ADA); and NRS Chapter 613.

3. As Plaintiff's employer during the relevant time period, Defendant was engaged in operations and/or conducting business within the County of Clark, State of Nevada. Defendant City of North Las Vegas was engaged in activities affecting commerce and employed at least 500 employees in the two calendar years preceding the events in question.

4. As an employer in Nevada, and/or other states, Defendants are required to comply with all state and federal statutes which prohibit race and color discrimination, and retaliation.

5. Plaintiff, Gather Cohen, is a male citizen of the County of Clark, State of Nevada, who has been employed by Defendants, at their City of North Las Vegas Police Department from approximately February 2007 until the present. At all times mentioned herein the Plaintiff has performed his work at or above a level that the Defendants had a reasonable right to expect. Plaintiff is a qualified individual with a disability as defined by the ADA. Plaintiff is capable of performing the essential functions of his job with or without a reasonable accommodation.

6. Defendant City of North Las Vegas (herein "CNLV") is a Municipal Corporation incorporated in Clark County, Nevada under the laws of the State of Nevada including, but not limited to, Article 8 of the Nevada Constitution.

7. DOE Defendants are persons the identity of whom are presently unknown to Plaintiff, but are believed to have some responsibility and liability to the Plaintiff based upon the allegations set forth herein. Plaintiff will seek to supplement or amend this Complaint upon the discovery of

the true identity of any of these persons.

## FACTS

8.  Plaintiff has more than 15 years of experience as a Deputy Marshal with the CNLV Police Department.

9.  Plaintiff has a property interest and liberty interest in his employment at CNLV Police Department.

10. Plaintiff began working for CNLV Police Department in approximately February 2007.

11. Plaintiff's job is as a Deputy Marshal.

12. Plaintiff has a service-connected disability, namely Post Traumatic Stress Disorder (PTSD), that he suffers as a result of his military service to the United States. This service-connected disability is a disability under the definitions set forth in the ADA and related regulations and case law because it substantially limits him in is activities of daily living including, but not limited to sleeping.

13. Sleep problems are a well known and well documented symptom of PTSD.

14. Defendant is on notice and well aware of Plaintiff's PTSD disability. In or about September 2019 Plaintiff told his supervisor, Sergeant Maya Winters, that he had a service-connected disability of PTSD that affected his ability to sleep. Frank DiGiovanni was present and witnessed this conversation. In that conversation Sergeant Winters asked questions and obtained information from Plaintiff about his service-connected disability and was interested in getting a service-connected disability established for her husband.

15. In June or July 2021 Defendant asked the Deputy Marshals, including Plaintiff, for volunteers to move from the 3:00 p.m. to 11:00 p.m. swing shift to the 6:00 a.m. to 4:00 p.m. day shift. It was stated that if no volunteers came forward that Defendant would unilaterally assign one or more Deputy Marshals to go to day shift from swing shift. Nobody volunteered.

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 • Fax (702) 258-6983

3

16. In July or August 2021 Defendant assigned Tony Ornelas to move to day shift from swing shift. Ornelas quit his job.

17. After Ornelas quit instead of going to day shift Defendant, knowing about Plaintiff's service-connected disability that affects his sleep, attempted to involuntarily assign Plaintiff to the day shift.

18. Plaintiff complained and also grieved the reassignment through his union because such reassignment was improper due to Plaintiff's seniority under the union contract.

19. The Plaintiff's grievance, although grounded on the provisions of the union contract, constituted protected opposition to disability discrimination because Defendant knew that he needed to work swing shift due to his sleep problems from his service-connected PTSD disability. It is very important that he maintain his sleep pattern and not change it so as not to aggravate his disability. Plaintiff was requesting to stay on swing shift as a reasonable accommodation under the ADA and NRS Chapter 613.

20. While the grievance was pending in about the third week of September 2021, Sergeant Winters, Plaintiff's direct supervisor made a comment at a briefing that "Gather [Plaintiff] got into an argument with a person at CCDC [the county jail]" She said to Plaintiff, "you never get along with anyone." She also said in reference to this matter and in a very sarcastic tone, *"must be your PTSD messing with you!"* This statement reflects a discriminatory attitude toward Plaintiff due to his disability. As set forth herein Sergeant Winters' discriminatory attitude was spread to others in the workplace and has caused discriminatory stereotypes to be improperly and unfairly applied to Plaintiff by his co-workers and his superiors. This has resulted in adverse employment actions and harassment based on Plaintiff's disability.

21. Plaintiff prevailed on the grievance. After the Grievance Captain Mike Bunch sarcastically asked Plaintiff, *"are you happy to get to stay on swing shift?"* Captain Bunch had been told by

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. AZURE DRIVE, SUITE 110
LAS VEGAS, NEVADA 89130
TEL (702) 258-1183 • FAX (702) 258-6983

4

Plaintiff, in the presence of Paul Yin, that Plaintiff had health reasons that required the accommodation of working swing shift instead of day shift because of his sleep schedule that cannot be disrupted without adversely affecting his disability.

22. One day after Plaintiff prevailed on his grievance, Defendant abruptly did away with swing shift altogether to force Plaintiff to go to day shift.  This action was retaliatory and discriminatory. In addition to the discriminatory effect on his disability, this also had adverse economic consequences and lowered Plaintiff's pay.

23. Meanwhile Tony Ornelas, the employee who quit rather than move to day shift involuntarily informed Plaintiff that Captain Mike Bunch told him that swing shift might come back and asked if Ornelas would come back to work for Defendant if swing shift did return.  Ornelas said yes that he would come back.  George White, another employee, has been bragging that swing shift will come back and that he, Mr. White, will get it.  He said it to Juan Rivera and also Paul Yin was told that George White would get swing shift. The implication and inference to be drawn is that once Defendant finally finds a way to fire Plaintiff that the swing shift will be restored.  The swing shift was eliminated with the intent of discriminating against and retaliating against Plaintiff and once Plaintiff is terminated the swing shift will return.

24. On October 7, 2021, one week after the retaliation against Plaintiff for his opposition to discrimination and request for the reasonable accommodation of staying on swing shift, Plaintiff was placed on paid administrative leave being accused of being a hazard and hostile in the workplace.  Specifically, it was stated that Plaintiff's had committed "behavior creating a safety hazard" and that he engaged in "unprofessional conduct."  This related to Plaintiff muttering "this is bullshit" to himself in response to the provocation of Defendant forcing him to day shift by eliminating swing shift entirely for everyone and for crossing out October and writing "Fucktober" on his personal calendar that he kept hidden under his computer keyboard out of

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983

sight of others, also in response to the provocation of aggravating his disability by forcing him to day shift. Although he kept the calendar hidden, and it was his own personal calendar, somehow someone saw it and mentioned it.

25. Plaintiff continues to be on administrative leave as of the date of this Complaint. He has not been allowed to work since October 2021, a period of nearly ten months.

26. It must be remembered that by the time he was suspended and placed on administrative leave his co-workers and superiors were applying stereotypes to Plaintiff based on his PTSD service-connected disability. Several of his co-workers are believed to have written adverse statements against him, apparently at the behest of Sergeant Winters and other of Plaintiff's superiors. These adverse statements expressly state, insinuate, or imply that Plaintiff is mentally unstable because of his PTSD disability and is somehow dangerous and unreliable. These statements are defamatory and false and a product of discriminatory animus and stereotyping. Plaintiff has worked at his job for 15 years without significant problems caused by his disability and only after he disclosed his condition to his supervisor and she made comments to others about his having PTSD, did Plaintiff somehow become considered unfit for his job and a "safety hazard."

27. Plaintiff is being subjected to a hostile work environment and harassed by his supervisor and his co-workers. Defendant knows of this harassment and not only fails to prevent or promptly correct the harassment, the Defendant is condoning the harassment and its management is actively participating in it. The harassment is severe or pervasive and it is adversely impacting the Plaintiff's ability to do his job. Indeed the Defendant has suspended Plaintiff from working for approximately 10 months as part of the harassment. This is an adverse employment action.

28. The harassment continues to this day with the Defendant most recently opening an Internal Affairs investigation against Plaintiff again expressly and/or impliedly stating that Plaintiff is too dangerous to be in the workplace based upon his PTSD disability. This is based upon one of

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. AZURE DRIVE, SUITE 110
LAS VEGAS, NEVADA 89130
TEL (702) 258-1183 • FAX (702) 258-6883

6

the Defendant's managers, supervisors, or employees surreptitiously recording Plaintiff having a private conversation with his wife wherein he was complaining to her about the harassment, discrimination, and retaliation he was receiving including the false and defamatory statements by some of his co-workers and his desire to see that there would be some redress against them for this discrimination, harassment, retaliation, and defamation. The Defendant and the individuals involved may be liable under Chapter 119 of Title 18 of the United States Code or NRS 200.610 *et seq.* And Plaintiff reserves the right to supplement or amend this Complaint under Rule 15 of the applicable civil procedure rules or to bring a separate independent action against those responsible for the violation of state or federal law in this regard.

29. The Plaintiff is being harassed, discriminated against and retaliated against in violation of the ADA and NRS Chapter 613. He is being denied the accommodation of working a schedule that is compatibly with his service-connected disability that affects his major life activity of sleeping. The harassment and discriminatory and retaliatory treatment of Plaintiff by the Defendants was and is because of or on account of, in whole or in part, the Plaintiff's disability and his opposition to the discrimination. The conduct that Plaintiff suffered was and is a continuing violation of the ADA and NRS Chapter 613.

30. Defendant subjected Plaintiff to different, unequal and discriminatory treatment which included but was not limited to increased scrutiny of Plaintiff's work or behavior, humiliating and condescending treatment, derogatory comments, and undermining and subversion of Plaintiff's attempts to remedy the discrimination. There has been harassment and a hostile work environment created. This different, unequal and discriminatory treatment in his employment was on account of and directly connected with or related to Plaintiff's disability

31. Defendants are required to comply with statutes prohibiting disability discrimination, harassment, and retaliation for opposing what Plaintiff reasonably believes to be conduct

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. AZURE DRIVE, SUITE 110
LAS VEGAS, NEVADA 89130
TEL. (702) 258-1183 • FAX (702) 258-6983

violating state and federal anti-discrimination statutes.

32. Plaintiff timely dual-filed his Charge of Discrimination, #487-2022-00486, with the U.S. Equal Employment Opportunity Commission (EEOC) and the Nevada Equal Rights Commission (NERC) pursuant to the operative worksharing agreement in place between the two agencies and the applicable statutes. Plaintiff has exhausted all required administrative avenues. EEOC Charge No. 487-2022-00486 is incorporated here by reference as if fully set forth herein. EEOC issued a Notice of Suit Rights on May 9, 2022 and Plaintiff received it in the mail on approximately May 13, 2022. This action was timely filed.

33. Plaintiff seeks extraordinary and equitable relief as provided by the anti-discrimination statutes including, but not limited to, an order reinstating him so that he may work.

34. Plaintiff reserves the right to supplement or amend this Complaint should further discrimination, harassment, or retaliation including the potential termination of his employment take place.

### CLAIMS FOR RELIEF

### FIRST CLAIM: HOSTILE WORK ENVIRONMENT AND HARASSMENT UNDER THE AMERICANS WITH DISABILITIES ACT.

All other pertinent paragraphs and allegations set forth in this pleading are incorporated herein by this reference as though fully set forth.

35. Plaintiff was subjected to unwelcome and unlawful harassment.

36. The harassment was based on Plaintiff's disability.

37. The harassment was so severe or pervasive as to alter the conditions of Plaintiff's employment and create a hostile or abusive working environment.

38. The Defendant is strictly liable for the harassment inflicted by its managers and supervisors.

39. The Defendant was negligent in not taking steps to prevent or promptly correct the unlawful

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. AZURE DRIVE, SUITE 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983

8

1   harassment by Plaintiff's co-workers even though Defendant was on notice and informed of

2   the unlawful harassment.

3   40. Plaintiff suffered and continues to suffer tangible adverse employment actions including, but

4   not limited to, harassing and retaliatory investigations and suspension from working his job,

5   and the deliberate changing of Plaintiff's work schedule when Defendant knows that it will

6   aggravate Plaintiff's disability.

7

8   41. Plaintiff perceived his working environment to be abusive or hostile as would a reasonable

9   person in Plaintiff's circumstances. The hostile work environment was severe or pervasive

10  and altered the terms and conditions of Plaintiff's employment.

11  42. This illegal and hostile environment made it more difficult for Plaintiff to do his job, affected

12  his work performance, his work-place well-being, and his mental state.

13  43. Defendant had actual and constructive knowledge of the intolerable conditions and

14  discrimination to which Plaintiff was subjected, but chose not to remedy the situation.

15

16  44. These actions constitute violations of federal law prohibiting race discrimination, The

17  Americans With Disabilities Act as amended, and Nevada state law, NRS 613.310 et seq.

18  45. Plaintiff has suffered economic loss as a result of this illegal disability harassment

19  discrimination and is entitled to recover an amount sufficient to make him whole.

20  46. Plaintiff is entitled to reinstatement, back pay, front pay in lieu of reinstatement, and any

21  other monetary and equitable remedies contemplated by state and federal anti-discrimination

22  laws.

23

24  47. Plaintiff has suffered emotional distress, embarrassment, humiliation, harm to his

25  professional reputation and character, and mental anguish and is entitled to be compensated

26  for those inflictions under the aforementioned federal and state statutes.

27

28

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 • Fax (702) 258-6883

48. As a result of Defendants' acts described in this Complaint, Plaintiff has been forced to engage the services of an attorney and expend costs to pursue and protect his rights under the law.

49. Defendants have acted with malice, fraud or oppression and a conscious disregard of Plaintiff's rights.

## SECOND CLAIM:  HOSTILE WORK ENVIRONMENT AND HARASSMENT UNDER NRS CHAPTER 613.

All other pertinent paragraphs and allegations set forth in this pleading are incorporated herein by this reference as though fully set forth.

50. The Supreme Court of Nevada holds that to the extent they are compatible Nevada's state anti-discrimination statutes are construed consistently with their federal law analogs. *Pope v. MOTEL 6*, 114 P.3d 277, 121 Nev. 307 (2005); *Copeland v. Desert Inn Hotel*, 99 Nev. 823, 673 P.2d 490 (1983); *Apeceche v. White Pine Co.*, 96 Nev. 723, 615 P.2d 975 (1980). Accordingly, the same allegations as made in the FIRST CLAIM above are equally applicable to this claim.

51. Defendant's conduct complained of herein created and continues to perpetuate a hostile work environment and harassment against the Plaintiff in violation of NRS 613.330.

52. Plaintiff is entitled to the remedies provided by NRS 613.432.

## THIRD CLAIM:  FAILURE TO ACCOMMODATE UNDER THE AMERICANS WITH DISABILITIES ACT.

All other pertinent paragraphs and allegations set forth in this pleading are incorporated herein by this reference as though fully set forth.

53. Plaintiff was and is a qualified person with a disability.  Plaintiff has a physical or mental condition that limits him in one or more of his major life activities.  This includes, but is not limited to, his ability to sleep at times other than what he is accustomed to without aggravating

10

his disability.   The limitations of his disability do not prevent Plaintiff from performing the essential functions of his job with an accommodation.   Plaintiff was capable of performing all of the essential functions of his job with the Defendant with or without a reasonable accommodation. He has years of experience in the field and type of work that he was hired to perform for Defendant.

54. There were one or more reasonable accommodations that would permit the Plaintiff to perform the essential functions of his employment. This specifically included providing job restructuring or a specified schedule—specifically the swing shift schedule that Plaintiff had been working for a long period of time.   Schedule modifications are expressly recognized as reasonable accommodations under the ADA.

55. Rather than providing this reasonable accommodation, Defendant took willful and deliberate steps to ensure that Plaintiff would not be able to work the shift necessary to accommodate his disability.  Defendants failed to provide a reasonable accommodation and failed to engage in good faith in the required individualized interactive process to determine a reasonable accommodation.

56. Plaintiff's was subjected to discriminatory, retaliatory, and harassing investigations and suspension from working his job by Defendant in whole or in part because of the Plaintiff's disability.

57. Plaintiff was discriminated against in the terms, conditions, or privileges of employment by Defendant in violation of 42 U.S.C. § 12112.

58. The reasonable accommodation needed and requested by Plaintiff would not have constituted an undue hardship on the Defendant.

59. Plaintiff's employment under a reasonable accommodation would not have resulted in a direct threat to the health or safety of others.

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. AZURE DRIVE, SUITE 110
LAS VEGAS, NEVADA 89130
TEL (702) 258-1183 • FAX (702) 258-6983

60. One or more reasonable and effective accommodations were requested by Plaintiff including, but not limited to, job restructuring and/or scheduling consideration.

61. Plaintiff was capable of performing all of the essential functions of his job with Defendant either with or without a reasonable accommodation.

62. The Defendant breached its statutory legal duty to engage in a good faith interactive process with Plaintiff to determine and implement a reasonable and effective accommodation.

63. Plaintiff suffered lost wages, lost benefits of employment, suffered emotional distress, mental anguish, embarrassment, humiliation, damage to his professional reputation and character, and other general and compensatory damages in amounts to be determined at trial.

64. Defendant's actions were undertaken with knowing or reckless disregard for Plaintiff's rights under the ADA.

65. Plaintiff is entitled to all remedies available under the Americans With Disabilities Act, as amended.

## FOURTH CLAIM: FAILURE TO ACCOMMODATE UNDER NRS CHAPTER 613.

All other pertinent paragraphs and allegations set forth in this pleading are incorporated herein by this reference as though fully set forth.

66. The Supreme Court of Nevada holds that to the extent they are compatible Nevada's state anti-discrimination statutes are construed consistently with their federal law analogs. *Pope v. MOTEL 6*, 114 P.3d 277, 121 Nev. 307 (2005); *Copeland v. Desert Inn Hotel*, 99 Nev. 823, 673 P.2d 490 (1983); *Apeceche v. White Pine Co.*, 96 Nev. 723, 615 P.2d 975 (1980). Accordingly, the same allegations as made in the THIRD CLAIM above are equally applicable to this claim.

67. Defendant's conduct complained of herein constitutes an unlawful failure to provide a reasonable accommodation to the Plaintiff in violation of NRS 613.330.

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. AZURE DRIVE, SUITE 110
LAS VEGAS, NEVADA 89130
TEL. (702) 259-1163 ♦ FAX (702) 258-6983

1    68. Plaintiff is entitled to the remedies provided by NRS 613.432.

2

3    **FIFTH CLAIM:  RETALIATION UNDER NRS 613.340**

4    All other pertinent paragraphs and allegations set forth in this pleading are incorporated herein by

5    this reference as though fully set forth.

6

7    69. The Supreme Court of Nevada holds that to the extent they are compatible Nevada's state

8         anti-discrimination statutes are construed consistently with their federal law analogs. *Pope v.*

9         *MOTEL 6*, 114 P.3d 277, 121 Nev. 307 (2005); *Copeland v. Desert Inn Hotel*, 99 Nev. 823,

10        673 P.2d 490 (1983); *Apeceche v. White Pine Co.*, 96 Nev. 723, 615 P.2d 975 (1980).

11   70. Plaintiff continues to demand a reasonable accommodation of continuing to work the swing

12        shift schedule to avoid aggravating the symptoms of his disability which would come from

13        disruptions of his sleep schedule by changing to day shift.  His demands, which included

14        winning a union grievance on the subject constituted protected activity under the Americans

15        with Disabilities Act of 1990 (ADA) as amended by the Americans with Disabilities Act

16        Amendments Act of 2008 (ADAAA) and NRS 613.330 and NRS 613.340.

17   71.  Plaintiff further has engaged in the protected activity of filing Charge No. 487-2022-00486

18        with the United States Equal Employment Opportunity Commission (EEOC).

19   72. Defendant knows of and is aware of Plaintiff's protected activities.

20   73. Defendant's tangible adverse employment actions of unfairly and unlawfully harassing

21        Plaintiff by investigating Plaintiff for matters related to his disability and protected activities,

22        deliberately sabotaging and eliminating the entire swing shift immediately after Plaintiff won

23        a union grievance, thereby avoiding Defendant's harassing unilateral involuntary transfer of

24        Plaintiff to day shift, and the suspension of Plaintiff from doing his job for nearly 10 months

25

26

27

28

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. AZURE DRIVE, SUITE 110
LAS VEGAS, NEVADA 89130
TEL. (702) 258-1183 • FAX (702) 258-6983

13

so far was because of Defendant's retaliation for Plaintiff asserting and pursuing his rights and opposing Defendant's failure to provide him with a reasonable accommodation under the ADA and NRS Chapter 613.

74. Defendant's actions were of a kind that would be likely to discourage or dissuade its employees from asserting their rights under state or federal law or from opposing Defendant's unlawful conduct under the ADA and NRS Chapter 613.

75. Defendant's actions were retaliatory, illegal, and actionable under the ADA and NRS Chapter 613.

76. Plaintiff suffered mental anguish, embarrassment, shame, loss of reputation, emotional distress, and other general and compensatory damages as a direct and proximate result of Defendant's actions.

77. Plaintiff has suffered and will suffer lost wages and/or benefits as a direct and proximate result of the actions of the Defendant.

78. The actions of the Defendant were willful, malicious, fraudulent, or oppressive, or in reckless disregard of Plaintiff's rights under the ADA and NRS Chapter 613 and calculated to discourage Plaintiff and other of Defendant's employees from pursuing their rights under federal and state law.

79. Plaintiff should be reinstated to his position with all wages, benefits, and seniority restored as though the unlawful and tortious actions of Defendant had never occurred.

80. Plaintiff is entitled to all remedies available under NRS 613.432.

81. Plaintiff has been required to hire an attorney and expend fees and costs to pursue his rights through this action.

**WHEREFORE**, the Plaintiff Prays Judgment against the Defendants and requests relief as follows:

1. For all applicable remedies available under the state and federal statutes applicable to this case as well as all remedies available under Nevada state common law;

2. For actual and compensatory damages in an amount to be determined by a jury at trial;

3. For general damages in an amount to be determined by a jury at trial;

4. For nominal damages if that be all that is allowed;

5. For Attorney's fees;

6. For costs of suit;

7. For pre-judgment interest;

8. For additional amounts of money to offset and ameliorate any undue adverse tax consequences that may arise from the awards made to Plaintiff in this action;

7. For a trial by jury of all issues that may be tried to a jury;

8. For declaratory, equitable, and/or injunctive relief as set forth herein including an order of reinstatement or for hiring or promotion or front pay in lieu of reinstatement, hiring or promotion should the court find that reinstatement, hiring or promotion is not feasible under the facts and circumstances of the case;

9. For such other and further relief as the court may deem just and equitable.

DATED this 24th day of July, 2022.

＿＿＿＿/s/ James P. Kemp＿＿＿＿
JAMES P. KEMP, ESQUIRE
Nevada Bar No. 006375
KEMP & KEMP
7435 W. Azure Drive, Suite 110,
Las Vegas, NV 89130
(702) 258-1183/ (702) 258-6983 (fax)
jp@kemp-attorneys.com
Attorney for Plaintiff

KEMP & KEMP
ATTORNEY AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 • Fax (702) 258-6983

# EXHIBIT B

7/25/2022 11:53 AM

SUMM

# DISTRICT COURT

## CLARK COUNTY, NEVADA

GATHER COHEN,                              )
                                           )
                    Plaintiff,             )
                                           )   Case No.:  A-22-855845-C
        vs.                                )
                                           )   Dept. No.  29
CITY OF NORTH LAS VEGAS, a Municipa;       )
Corporation and political subdivision os the )
State of Nevada; DOES I-X,                  )   **SUMMONS**
                                           )
                    Defendants.            )
                                           )

NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.

TO THE DEFENDANT(S): A civil Complaint has been filed by the Plaintiff(s) against you for the relief set forth in the Complaint.

**CITY OF NORTH LAS VEGAS, a Municipal Corporation and political subdivision of the State of**

**Nevada**

1. If you intend to defend this lawsuit, within 20 days after this Summons is served on you, exclusive of the day of service, you must do the following:
    (a) File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court, with the appropriate filing fee.
    (b) Serve a copy of your response upon the attorney whose name and address is shown below.

2. Unless you respond, your default will be entered upon application of the Plaintiff(s) and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

4. The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators, each have 45 days after service of this Summons within which to file an answer or other responsive pleading to the Complaint.

Submitted by:

JAMES P. KEMP, ESQ.
Nevada Bar No. 006375
KEMP & KEMP
7435 W. Azure Drive, Suite 110
Las Vegas, Nevada 89130
(702) 258-1183

CLERK OF COURT                              7/25/2022

By:_____

            Deputy Clerk            Date

**Demond Palmer**

Attorney for Plaintiff
NOTE: When service is by publication, add a brief statement of the object of the action.
    See Rules of Civil Procedure 4(b).

STATE OF _____ )
                      )ss:                                **AFFIDAVIT OF SERVICE**
COUNTY OF _____ )

_____, being duly sworn, says: That at all times herein affiant was and is a citizen of the United States, over 18 years of age, not a party to nor interested in the proceeding in which this affidavit is made. That affiant received _____ copy(ies) of the Summons and Complaint, _____

_____

on the _____ day of _____, 20_____ and served the same on the _____ day of _____, 20_____ by:

### (Affiant must complete the appropriate paragraph)

1.     Delivering and leaving a copy with the Defendant _____at (state address) _____
       _____.

2.     Serving the Defendant _____ by personally delivering and leaving a copy with
       _____, a person of suitable age and discretion residing at the Defendant's usual
       place of abode located at: (state address) _____.

### (Use paragraph 3 for service upon agent, completing A or B)

3.     Serving the Defendant _____by personally delivering and leaving a
       copy at (state address) _____
       _____.

       a.    With _____ as _____ , an agent lawfully designated by
           statute to accept service of process;
       b.    With _____, pursuant to NRS 14.020 as a person of suitable age and discretion
           at the above address, which address is the address of the resident agent as shown on the current certificate of
           designation filed with the Secretary of State.

4.     Personally depositing a copy in a mail box of the United States Post Office, enclosed in a sealed envelope, postage
       prepaid (Check appropriate method):

                        _____ Ordinary mail
                        _____ Certified mail, return receipt requested
                        _____ Registered mail, return receipt requested

       addressed to the Defendant _____ at Defendant's last known address which is
       (state address) _____.

COMPLETE ONE OF THE FOLLOWING:

(a)     If executed in this state, "I declare under penalty of perjury that the foregoing is true and correct."

                                                          _____
                                                        Signature of person making service

(b)     If executed outside of this state, "I declare under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct."

                                                           _____
                                                        Signature of person making service

7/25/2022 11:53 AM

**SUMM**

**Electronically Filed**
8/3/2022 4:34 PM
**Steven D. Grierson**
**CLERK OF THE COURT**

## DISTRICT COURT

## CLARK COUNTY, NEVADA

GATHER COHEN,

        Plaintiff,

vs.

CITY OF NORTH LAS VEGAS, a Municipa;
Corporation and political subdivision os the
State of Nevada; DOES I-X,

        Defendants.

Case No.: A-22-855845-C

Dept. No. 29

**SUMMONS**

NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.

TO THE DEFENDANT(S): A civil Complaint has been filed by the Plaintiff(s) against you for the relief set forth in the Complaint.

**CITY OF NORTH LAS VEGAS, a Municipal Corporation and political subdivision of the State of**

**Nevada**

1. If you intend to defend this lawsuit, within 20 days after this Summons is served on you, exclusive of the day of service, you must do the following:
   (a) File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court, with the appropriate filing fee.
   (b) Serve a copy of your response upon the attorney whose name and address is shown below.

2. Unless you respond, your default will be entered upon application of the Plaintiff(s) and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

4. The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators, each have 45 days after service of this Summons within which to file an answer or other responsive pleading to the Complaint.

Submitted by

JAMES P. KEMP, ESQ.
Nevada Bar No. 006375
KEMP & KEMP
7435 W. Azure Drive, Suite 110
Las Vegas, Nevada 89130
(702) 258-1183

CLERK OF COURT

By: _____

    Deputy Clerk        Date

7/25/2022

Demond Palmer

# AFFIDAVIT OF SERVICE

Job # 18698

**Client Info:**

KEMP & KEMP, ATTORNEYS AT LAW
7435 W AZURE DR., SUITE 110
Las Vegas, NV  89130

**Case Info:**

| | |
|---|---|
| **Plaintiff:** | District Court |
| GATHER COHEN, | Court Division: Dept. No.: 29 |
| -versus- | County of Clark, Nevada |
| **Defendant:** | |
| CITY OF NORTH LAS VEGAS, a Municipal Corporation and political subdivision of the State of Nevada; DOES I-X, | Issuance Date: 7/26/2022 Court Case # **A-22-855845-C** |

**Service Info:**

**Date Received:** 7/26/2022 at 09:16 AM
**Service:** I Served **CITY OF NORTH LAS VEGAS, a Municipal Corporation and political subdivision of the State of Nevada**
With: **Summons and Complaint**
by leaving with **daisy R, RECEPTIONIST - AUTHORIZED TO ACCEPT**

**At Business JOHN J. LEE, MAYOR OF THE CITY OF NORTH LAS VEGAS C/O MICAELA R. MOORE 2250 LAS VEGAS BOULEVARD NORTH NORTH LAS VEGAS, NV 89030**
Latitude: **36.200478**,   Longitude: **-115.121506**

On **8/3/2022 at 02:41 PM**
**Manner of Service: GOVERNMENT SERVICE**
Government Service was performed on **CITY OF NORTH LAS VEGAS, a Municipal Corporation and political subdivision of the State of Nevada**, by delivering a true copy of this **Summons and Complaint**, with the date and hour of service endorsed thereon by me, to **daisy R** as **RECEPTIONIST - AUTHORIZED TO ACCEPT**, an agent lawfully designated by statue to accept service of process.

**Served Description: (Approx)**

Age: **45**, Sex: **Female**, Race: **Hispanic**, Height: **5' 6"**, Weight: **200**, Hair: **Black** Glasses:  **No**

I **Jacqueline T. Kohler** , acknowledge that I am authorized to serve process, in good standing in the jurisdiction wherein the process was served and I have no interest in the above , action. Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true.



Signature of Server:
**Jacqueline T. Kohler**
Lic # **R-097043**
**LV Process and Investigations, LLC**
License #2039
7181 N. Hualapai Way Suite 130-9
Las Vegas, NV 89166
Phone: (702) 592-3283

Our Job # **18698**   Client Ref # **COHEN**

SUBSCRIBED AND SWORN to before me this _3_ day of __August_ , 2022 by _Jacqueline Kohler,_
Proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.



GENICE O. ROJAS
Notary Public, State of Nevada
Appointment No. 14-13968-1
My Appt. Expires Jul 1, 2022

NOTARY PUBLIC for the state of Nevada



1 of 1